Fitzpatrick v. Phillips.

_____

FITZPATRICK v. PHILLIPS.

APPEAL: *Final decree: What is not.*
A decree in favor of the plaintiff for the title and possession of land and improvements, and ordering a reference to a master to ascertain the necessity and value of repairs put upon them by the defendant, for which he claims compensation, is not a final decree from which an appeal can be taken.

APPEAL from *Phillips* Circuit Court in Chancery, Hon. M. T. SANDERS, Circuit Judge.

*J. Cole Davis* for appellee.

This was not a *final* order or judgment, and no appeal lies. *Campbell v. Sneed,* 5 *Ark.. 499*; *Didier v. Galloway, 3 Ark., 501; Baily v. Ralph, 4 Ark., 591; Cutler v. Gumbarts, 8 Ark., 449; Miller v. O'Bryan, 36 Ark., 204; Crittenden ex parte, 10 Ark., 333.*

*Jno. C. Palmer* for appellant.

EAKIN, J.   The court is moved, in this cause, to dismiss an appeal granted by the clerk here.   The attitude of the litigation in the court below, is as follow :

Appellee Phillips, with one Leiburt, as tenants in common, sued Fitzpatrick in ejectment to recover a lot in the city of Helena.   They set forth their ownership, and showed that defendant had taken possession under a purchase of the interest of Phillips at an execution sale, by the sheriff, made in October, 1882.   The possession was taken about the first of January following, without the consent of Phillips, and before the time of redemption expired.   Fitzpatrick, in his answer, admitted title in plaintiffs, and that he had no other right than by execution sale, upon which the time for redemption had not expired.   He made, however, a claim in equity, by cross-bill, for a lien on the property for expenditures in repairs necessary to preserve it; justifying his entry and possession on the ground that Phillips and the other owner were both absent, that the repairs were necessary, and that both had afterwards done acts amounting to an implied ratification of his course.   There was a motion to transfer to the equity docket, and a demurrer to the answer left undisposed of.   Also, a reply filed, putting in issue the material facts of the answer.

Pending this cause, and almost *pari passu,* another action of forcible entry and detainer was proceeding at the suit of Phillips alone, against Fitzpatrick and tenants whom he had put in.   The pleadings in this cause set forth substantially the same facts.   The answer and reply were almost identical with those in the other cause ; and after various interlocutory proceedings, it was transferred to the equity docket to be consolidated with the first cause.

There was an order made in the first cause disposing of a pending demurrer, and transferring it to the equity docket, where it was, by the same order, consolidated with the other,

that they might proceed together to a final decree. The court proceeded to recite that it appeared from the allegations of the complaint and the admissions of the answer, that the plaintiffs were lawfully seized and entitled to the possession, and that the defendant was holding them without right. He therefore ordered that the plaintiffs recover them of the defendant, with the possession, subject to the equitable rights of defendant "hereinafter set forth," and the defendant was ordered to give them up. The court proceeded further to recite the purchase at the execution sale, the entry by defendant, the repairs made and the claim of defendant for reimbursement and an equitable lien. Without deciding upon that, the court ordered an account to be taken by the Master to ascertain and report the condition of the buildings when defendant took them, and of the value and necessity of the repairs, and of the value of rents—the report to be made at the next term. The defendant, Fitzpatrick, failing to obtain an appeal from the court below, applied to our clerk, who granted it, under the impression that he was required by the statute to do so. The appellees contend that the order is not final, and that the appeal was improvidently granted.

The *form* of the order seems final as to title of the property, and it was not strange that the clerk, even with his long experience, should have been misled to suppose it was so. It requires a closer study of the transcript, than a clerk is expected to give, on application for an appeal, to disclose the true nature of the order. It settles nothing at issue, and was not intended to do so. The title to the lands was not in controversy, nor even the right of possession, except in so far as it might be drawn incidentally to the defendant by his supposed lien. This did not follow, necessarily, even if he had one, a point we will not now determine. It is the very question at issue below, and the only question; for if it exists the court can enforce it as

easily with the possession in the hands of one as the other—
and the *lien* and not the lot, is all the defendant claims.

The court found him helping himself to his remedy, and
in the exercise of what seems to us a very sound discretion,.
put the property where it belonged, without prejudice to his
rights upon the real issues to be determined.    The court.
will have no difficulty in finding the property on final
decree, and making it subject to any lien it may impose.
There can be no removal of it, nor alienation *pendente lite*,.
nor injury which the court may not immediately restrain.

Fairly considered the order or decree settles nothing in
the actual controversy, and is purely interlocutory.    It
comes within the principles declared in *Miller v. O'Bryan*,
*36 Ark., 204.*

Let the appeal be dismissed, and the cause proceed below.