HARLOW v. MASON.

Opinion delivered March 15, 1915.

1. APPEAL AND ERROR—FINAL JUDGMENT—ORDER QUASHING SERVICE.—An order of a court quashing the service of summons, is not a final order from which an appeal will lie, where the summons was not quashed, nor an order of dismissal made, nor any judgment for costs rendered.

2. APPEAL AND ERROR—MOTION TO QUASH SERVICE—PRACTICE.—Where defendant moved the court to quash the service, and the court granted

the motion, the plaintiff may be required to stand upon the service and permit a final order to be entered, or to have the return amended to conform to the rulings of the court.

Appeal from Fulton Circuit Court; *R. E. Jeffrey,* Judge on exchange; appeal dismissed.

*Emerson & Smith,* and *C. E. Elmore,* for appellant.

*James M. Mason, pro se,* and *Geo. T. Black,* for appellee.

The mere quashing of a summons is not a final order or judgment, and is not appealable. 34 Neb. 5, 51 N. W. 299; 109 N. W. 752; 31 Kan. 218; 43 S. W. 436; 102 Ky. 370; 77 Ill. App. 203; 406 N. E. 1073; 166 Ill. 451; 103 S. W. 1134, 83 Ark. 371; 138 S. W. 876; 144 S. W. 522; 14 Ark. 424; 85 Pac. 626, 30 Utah 449; 52 S. E. 64, 139 N. C. 446; 149 Fed. 406; 42 So. 610; 132 Fed. 414; 164 Fed. 492; 59 S. E. 1055; 60 S. E. 136; 53 So. 503; 72 S. E. 189; *Id.* 515.

SMITH, J. Appellant was the plaintiff below and sued for damages on acount of an alleged libel. The parties to the litigation are both residents of the State of Kansas, and a suit was brought by appellee in that State to restrain appellant from prosecuting his suit in this State. A decision adverse to the contention of appellee was rendered by the Supreme Court of Kansas. *Mason* v. *Harlow,* 91 Kan. 807, 139 Pac. 384. Upon the conclusion of the litigation in that State, appellee filed a motion in the court below to quash the service of summons, for the reason, among others, that the person who served the summons was not authorized so to do. Upon the hearing of this motion the court entered the following order: "And the court after hearing the evidence adduced and being fully advised in the law arising herein, doth find the issues in favor of the defendant, J. M. Mason, and quash the service of the summons herein for the reason that said service so made by the sheriff was false and irregular and doth quash the same." This was the only order made by the court except to note appellant's exception to its action. The cause was not dis-

missed nor was any judgment rendered for costs. This
appeal has been duly prosecuted from the above order.

A number of questions are discussed in the briefs
and, among others, the question of the finality of the judg-
ment appealed from, and we find it necessary to consider
only that question.

"A judgment to be final must dismiss the parties
from the court, discharge them from the action or con-
clude their rights to the subject-matter in controversy."
*Bank of the State* v. *Bates,* 10 Ark. 631; *Campbell* v.
*Sneed,* 5 Ark. 399.

Section 1188, Kirby's Digest, provides that the Su-
preme Court shall have appellate jurisdiction over the
final orders, judgments and determinations of all inferior
courts of the State, and the subdivisions of that section
undertake to define the conditions under which an appeal
may be prosecuted. There are a multitude of cases
among our own decisions discussing the question of the
finality of judgments, and the right to appeal therefrom.

There is a conflict in the authorities as to whether an
order of a court quashing a summons is such a final or-
der as that an appeal will lie, and there is some apparent
conflict in the early decisions of this court upon that
question. Some cases bearing upon that question are
*Bank of the State* v. *Bates,* 10 Ark. 634; *Hatheway* v.
*Jones,* 20 Ark. 113; *State* v. *Vaughan,* 14 Ark. 424.

In the case of *Bank of the State* v. *Bates, supra,* the
syllabus is: "Motion to quash the writ of summons for
want of a seal; judgment that the writ be quashed, and de-
fendants recover of plaintiff their costs, etc.; *held,* that
this was a final judgment to which a writ of error would
lie." The opinion in that case reviewed certain opinions
of this court bearing upon that subject and concluded the
discussion of the effect of those cases with the following
statement: "In both of these cases, however, as well
as in that of the *State, use etc.,* v. *Adams et al.,* it was
decided that the legal effect of the judgment quashing
the writ was a dismissal of the case. This being the
effect of the judgment, the parties are necessarily dis-
missed from the court, and unless the decision of the cir-

cuit court is reversed, or set aside, there is no remedy afforded them.

"We must not be understood as deciding that, in every instance where the writ is irregular or merely voidable, and the defect is pointed out, the judgment must necessarily have the effect to dismiss the action. There are very many defects which are amendable and others which amount only to temporary disabilities. Thus it is held in 1 Chit. Pl. 466, 'That the judgment for the defendant on a plea in abatement, whether it be on an issue of fact or law, is that the writ be quashed; or if a temporary disability be pleaded, that the plaint remain without day until,' etc."

The same judge who delivered that opinion delivered the opinion of the court in the case of *State* v. *Vaughan*, in which case the syllabus is as follows: "A judgment quashing a writ of *scire facias* upon a forfeited recognizance, it not a final judgment, from which an appeal lies to this court. The plaintiff having the right to sue out an *alias*, the case was not out of court by the quashal of the writ; and unless she would elect to proceed no further, but resting upon her exception, suffer a judgment dismissing the suit, the decision quashing the writ is merely interlocutory."

The case of *Hatheway* v. *Jones, supra,* refers to the cases last mentioned and, without undertaking to overrule either of them, treats them as if there was no conflict between them. The syllabus in the case of *Hatheway* v. *Jones,* is as follows: "An appeal will lie from the judgment of the circuit court quashing the writ and giving the defendant costs." And in the opinion in that case it was said: "When the writ is quashed on motion, or on plea in abatement of the writ, the effect of the judgment is to dismiss the defendant from the court, and, for the time, discharge him from the action. The plaintiff can proceed no further in the cause until he brings the defendant again into court by the issuance and service of an *alias* writ. *Adams et al.* v. *State,* 4 Eng. 33. The declaration remains in court, it is true,

but a declaration without a writ, is no suit, unless the defendant enter his appearance.

"On the quashing of the writ, the plaintiff may take an *alias,* if he chooses, and thereby waive objection to the judgment of the court. But it will not do to say that he must take an *alias*—that he can not rest upon the quashal of the writ, and appeal from, or take a writ of error to the judgment of the court. Because the court might, in many cases, by erroneously quashing the writ, prejudice the rights of the plaintiff. As, for example, where property is attached under a writ, it would be released upon the quashal of the writ, and the sheriff might not be able, under an *alias* writ, to find it again.

"We think, upon the quashing of the writ, the plaintiff may elect to take an *alias,* or rest, and take an appeal or writ of error. If the judgment is reversed, he is restored to his rights under the writ; if it is affirmed, he can then take out an *alias,* and proceed with the cause, if he thinks proper."

It thus appears that the action of the trial court in quashing the writ was regarded by the Supreme Court as in effect dismissing the defendant from the court, and this idea seems also to have influenced the court in its decision in the case of *Bank of the State* v. *Bates, supra.*

(1) In the instant case the summons was not quashed, but only the return made thereon. No order of dismissal was made by the court, and no judgment, even for costs, was rendered. In these respects the instant case is distinguishable from the cases cited. Moreover, it must be borne in mind that the rigidity of the rules of pleading has been much relaxed in this State since the decision of these early cases above cited. The policy of permitting amendments in pleadings, under proper terms and conditions, is now thoroughly well fixed. The simplification of pleading was one of the principal purposes of the Code, and the policy of permitting amendments was one of the chief means to that end.

The quashal of the return of service in this case is, by analogy, like the action of the court in sustaining a

demurrer. The pleader can stand upon the sufficiency of his pleading and have final judgment pronounced thereon, dismissing his pleading and can prosecute his appeal from that action of the court. Or, on the other hand, he may amend his pleading, and the cause will not be dismissed unless he refuses to do so. *Moody* v. *J., L. C. & E. Rd. Co.,* 83 Ark. 371; *Atkins* v. *Graham,* 99 Ark. 496; *Mallett* v. *Hampton,* 94 Ark. 119; *Adams* v. *Primmer,* 102 Ark. 380.

(2)    So, here, appellant had the right to stand upon the proposition that his service was sufficient, in which event a final judgment would have been pronounced; and we think the better practice is to require him either to stand upon the sufficiency of his service and permit a final order to be entered, or to have the return amended to conform to the rulings of the court.

We recognize the fact that the authorities are in conflict upon this question, but we think the rule which we have announced is not only well supported by authority, but is the one most conducive to the orderly and expeditious dispatch of the business before the courts. A well considered case on this subject is that of *Honerine Min. & Mill Co.* v. *Tallerday Steel Pipe & Tank Co.,* 85 Pac. 626, in which it was said:

"All that plaintiff claims with respect to what constitutes a final judgment may be and is conceded, but it does not necessarily follow that the order had the effect to terminate the particular action and put the case out of court, when the case has not been dismissed but is still pending in the lower court, and where the plaintiff was, and even now is, entitled to an *alias* summons. It can not be said that the case was terminated in the district court when it is still pending there. The plaintiff will not be permitted to place itself in a position where with one arm it may invoke the jurisdiction of this court, while it may with another invoke the jurisdiction of the lower court pertaining to the same subject-matter. While plaintiff is here seeking to have determined that it has the defendant in court upon the process served, it may, at the same time, also apply for and obtain an *alias* sum-

mons from the district court with which it may serve the defendant and bring it in. But the plaintiff here asserts that an *alias* summons is of no avail because plaintiff can not make a better or different service than was made, and that if it has not the defendant in court upon such service it is unable otherwise to bring in the defendant. That may or may not be true. If such were the situation, plaintiff well could have indicated such fact to the trial court, together with a desire to stand upon the record as made and a refusal to further proceed in the action, whereupon, no doubt, the court would have entered an order dismissing the action. In other words, the mere granting of the motion to quash the service of summons did not authorize the court to end the suit and dismiss the action, but, by plaintiff's indicating a desire to stand upon the record and a refusal to further proceed, the court would then be authorized to do so. Such a proceeding would not, as is claimed by plaintiff, amount to a voluntary dismissal on its part and bar its right to appeal from the judgment and have reviewed the ruling made quashing the service. The dismissal, as to it, would be submitted to, if at all, because of the adverse ruling, and therefore would be involuntary. 6 Pl. & Pr. 828. Such a judgment of dismissal would be final and appealable. 6 Pl. & Pr. 998.''

See, also, *Brown* v. *Rice,* 30 Neb. 236; Vol. 2 Century Digest, § 464; *Winn* v. *Carter Dry Goods Co.,* 43 S. W. 436; *Persinger* v. *Tinkel,* 51 N. W. 299; *Goldie* v. *Stewart,* 99 N. W. 255; *Bucklen* v. *City of Chicago,* 46 N. E. 1073.

It follows, therefore, from what we have said that the appeal in this case is premature and must be dismissed, and it is so ordered.