MINERS' BANK OF JOPLIN v. CHURCHILL.

Opinion delivered December 15, 1919.

1. APPEAL AND ERROR—FINAL ORDER.—An order of the chancery court confirming the report of a commissioner in foreclosure proceedings, directing him to pay all costs and taxes out of the purchase money, is not final and appealable, as there is no final order fixing the amount of the taxes, if any, to be paid.

2. APPEAL AND ERROR—MOTION TO CORRECT ERROR.—Where, in foreclosure proceedings, the commissioner is ordered to pay costs and taxes out of the purchase money, such order will not be reversed in the absence of a motion to correct it, in view of Kirby's Digest, section 1233, providing that "a judgment or final order shall not be reversed for an error which can be corrected on motion in the inferior courts until such motion has been made there and overruled."

Appeal from Van Buren Chancery Court; *Ben F. McMahan,* Chancellor; appeal dismissed.

*Brundidge & Neelly,* for appellant.

The court had no right to direct that the taxes due upon the land at the date of the confirmation of the sale be paid out of the proceeds of the sale. This was a judicial sale, the rule of *caveat emptor* will apply and the purchaser bought subject to all liens and encumbrances. 32 Ark. 112; 74 *Id.* 596; 18 A. & E. Ann. Cases, 500; 41 S. E. 247; 117 Am. St. Rep. 425.

*M. P. Hatchett,* for appellee.

1. No motion was made in the lower court to correct the error, if any. Kirby's Digest, § 1233; 68 Ark. 71; 93 Ark. 290; 56 S. W. 532; 124 *Id.* 263. The order of sale was made November 11, 1918, and the taxes as between vendor and vendee had not then become a lien on the lands. 53 Ark. 110; 77 *Id.* 216.

2. In the absence of a bill of exceptions the court's conclusions of law can not be reviewed here. 60 Ark. 250; 30 S. W. 212.

3. The court being the vendor and the commissioner its representative, it was the duty of the court, through its commissioner, to pay the taxes which were a lien upon

the lands in the custody of the court at the time of sale and confirmation, January 11 and May, 1919. 105 Ark. 261; 97 *Id.* 397; Rorer on Jud. Sales, sec. 1; 25 Ark. 52; Act No. 125, Acts 1911; 248 Fed. 46; 103 *Id.* 190; 34 Cyc. 346; 16 R. C. L., sec. 113.

4. There being no motion to correct, the sale was made, it must be presumed, as ordered by the order of confirmation and therefore relieved from the tax lien. Freeman on Void Jud. Sales, sec. 44; 16 R. C. L., sec. 61; 53 Ark. 110; 93 *Id.* 290; 248 Fed. 46; 103 *Id.* 190.

5. The rule, in judicial sales, of *caveat emptor* has been relaxed and the purchaser is entitled to a good, marketable title, free from encumbrances. 16 R. C. L., sec. 86. No injury was shown by motion to correct and it is too late after confirmation. 16 R. C. L., sec. 62; 53 Ark. 110.

WOOD, J. This appeal was from an order of the chancery court approving and confirming a report of its commissioner whom it appointed to make the sale upon decree of foreclosure.

The court directed that the commissioner make a deed to the purchaser named in said report upon his complying with the terms of his purchase, and present it to the court for its action thereon, and concludes as follows: "And it is further ordered by the court that the commissioner pay all costs and taxes now due on said land out of the purchase money."

The order here appealed from is not final, because it does not adjudicate that any taxes at that time were due and fix the amount thereof and render judgment for the same. The appeal therefore is premature, as there was no final judgment or order fixing the amount of the taxes, if any, to be paid. See *Davis* v. *Hale,* 114 Ark. 426, and other cases in First Crawford's Digest, p. 130, Appeal and Error, sec. 22.

Furthermore, the order as to the payment of the taxes stands on the same basis as an order for the payment of costs.

A party who conceived himself aggrieved by such order must move the court to correct the same before he has any standing in this court.

Section 1233 of Kirby's Digest provides: "A judgment of final order shall not be reversed for an error which can be corrected on motion in inferior courts until such motion has been made there and overruled. See *Boone County Bank* v. *Byrum,* 68 Ark. 71; *Shinn* v. *State,* 93 Ark. 290.

The appeal is, therefore, dismissed.