PIERCY *v.* BALDWIN.

4-6996 168 S. W. 2d 1110

Opinion delivered March 8, 1943.

*John J. DuLaney,* for appellant.

*Carlton & Goodson,* for appellee.

HOLT, J. Appellant, C. R. Piercy, on May 1, 1942, brought an ejectment suit against appellees, Mrs. Ethel P. Baldwin, Lillian Baldwin, Luther Baldwin and Lois Baldwin, his wife.

July 6, 1942, appellee, Lois Baldwin, on behalf of herself and the other defendants (appellees here), filed "motion to stay proceedings." In this motion she alleged that she is the wife of appellee, Luther Baldwin, and that he "is in the military services of the United States; that he cannot be present at this term of this court to defend this action; that this is a suit in ejectment against all of the defendants who are now in the possession of lots 1 and 2, block 42, town of New Rocky Comfort, Little River county, Arkansas; that they reside

414

on said property; that this defendant and Walter Luther Baldwin III are dependents of said Luther Baldwin and occupy said premises hereinabove described as their dwelling; that this cause should be stayed under the provisions of § 521 of the Soldiers' and Sailors' Civil Relief Act of 1940, approved October 17, 1940.'' Section 1, 54 Stat. at L., p. 1178.

Her prayer was that proceedings in the cause be stayed ''during the period of military service of the said Luther Baldwin and for three months thereafter and for all other relief to which she may be entitled.''

There was a response, filed by appellant, interposing a denial of all material allegations set forth therein.

Upon a hearing the court sustained the motion to stay proceedings as to appellees, Lois Baldwin and Luther Baldwin, whereupon appellant filed motion for permission to proceed to trial as to defendants, Mrs. Ethel P. Baldwin and Lillian Baldwin. This motion was overruled by the court, and from the court's finding and order on these motions we quote the following: ''Lois Baldwin is a defendant in the above styled cause as is her husband, Luther Baldwin; that the said Luther Baldwin is in the military service of the United States; that the premises in litigation in this cause is the dwelling place of the said Lois Baldwin and her minor child and is also the dwelling place of Mrs. Ethel P. Baldwin, mother of the said Luther Baldwin, and Lillian Baldwin, sister of the said Luther Baldwin; and that all other defendants are unable to defend in this action by reason of the absence of the said Luther Baldwin and that the proceedings in said cause should be stayed under the provisions of said Soldiers' and Sailors' Civil Relief Act.

''It is therefore considered, ordered and adjudged that all proceedings in this cause be and the same are hereby stayed under the provisions of the said Soldiers' and Sailors' Civil Relief Act approved October 17, 1940. Whereupon, the plaintiff moves the court for the privilege of proceeding against the defendants, Mrs. Ethel P. Baldwin and Lillian Baldwin, which motion is by the court overruled and to both orders the plaintiff excepts

and moves for a rehearing of said cause which is by the court overruled, to which action by the court plaintiff excepts. Whereupon plaintiff prays and is granted an appeal to the Supreme Court and is allowed ninety days from this date in which to .prepare and file a bill of exceptions.''

For reversal here appellant argues, first, that the trial court abused its discretion in granting appellee's motion for a stay of proceedings, and in any event there was abuse of discretion and error in denying appellant's motion to permit him to proceed to try the cause as to the co-defendants, Mrs. Ethel P. Baldwin and Lillian Baldwin.

We can not decide these questions for the reason that the appeal has been prematurely brought and we are without jurisdiction. The order from which this appeal comes is in no sense a final order, from which an appeal may be prosecuted. In effect, the order continues the cause during the military service of appellee, Luther Baldwin, and for three months thereafter. The cause has not been tried on its merits, but is still pending. In *Harlow* v. *Mason,* 117 Ark. 360, 174 S. W. 1163, this court quoting from an earlier case, said: ''A judgment to be final must dismiss the parties from the court, discharge them from the action or conclude their rights to the subject-matter in controversy. *Bank of the State* v. *Bates,* 10 Ark. 631; *Campbell* v. *Sneed,* 5 Ark. 399.''

Section 2735 of Pope's Digest provides that the Supreme Court shall have appellate jurisdiction over the final orders, judgments and determinations of all inferior courts of the state, and the subdivisions of that section define the conditions under which an appeal may be prosecuted. In *Herrod* v. *St. Louis, I. M. & S. Ry. Co.,* 98 Ark. 596, 136 S. W. 974, this court held (quoting headnote): ''An order continuing a case until the plaintiffs' rights to prosecute it can be determined in the probate court is not final or appealable.'' And in *Womack* v. *Connor,* 74 Ark. 352, 85 S. W. 783, this court held (quoting headnote): ''An order transferring a cause from the chancery to the circuit court is not a judgment

from which an appeal may be taken," and in the body of the opinion, in construing the effect of subdivisions (1) and (2) of § 2735, *supra*, it is said: "No judgment has been rendered in the cause in the lower court; hence no right of appeal lies under the first subdivision. Does the right of appeal lie under the second subdivision? The order of transfer to the circuit court affects a substantial right in the action, but it is not such an order as determines in effect the action, and prevents a judgment from which an appeal might be taken. The order does not discontinue the action; it discontinues it in the circuit court until it is disposed of there. The order does not abate the action; it merely transfers it to another forum. The right of appeal is regulated by the statute, and the statute must be followed." The appeal was there dismissed as being premature.

Having concluded that the order, in question here, is not a final order from which an appeal might be taken, the appeal must be dismissed, and it is so ordered.

McFADDIN, J., dissents.