ARKANSAS STATE HIGHWAY COMM'N *v.*
MRS. O. E. BILLINGSLEY ET AL

5-4941                                    444 S. W. 2d 259

Opinion delivered September 2, 1969

*Thomas B. Keys, Virginia Tackett,* for appellant.

*Gordon, Gordon & Eddy,* for appellees.

LYLE BROWN, Justice. This is a highway condemnation case wherein the taking and construction for widening of an existing highway by the Arkansas State Highway Commission took most of the landowners' frontage. The Commission appeals the award principally on the basis that access actually remained after the taking, therefore the blocking of the remaining access was not a compensable item.

The subject property consists of a 25-acre tract adjoining State Highway 247 on the east side. The highway frontage is 808 feet. The property is owned by the widow and children of O. E. Billingsley. It was the home

place of the family. The children are grown and Mrs. Billingsley still resides there. It is an urban homesite, located approximately two miles north and east of the Morrilton business district. It was also used for pasturing and the growing of hay. The improvements are located in the extreme northwest corner, consisting of a sizable frame dwelling with modern conveniences, an old barn, fences, and cross fences. Along the north boundary line is a lane extending eastward from Highway 247 to a new subdivision. Caney Creek runs in an east and west direction, entering the land by crossing Highway 247. Approximately fifteen acres are on the north side of the creek. The land has a desirable rolling topography, with the highest point being at the homesite.

Interstate 40 runs in an east and west direction a short distance south of the Billingsley tract. A portion of the Billingsley lands was acquired by the State for the purpose of building an overpass north and south over Interstate 40 and on State Highway 247. The Highway Commission condemned a strip north and south completely across the Billingsley frontage. The widest point of the taking is at the south end of the tract, being approximately 125 feet in width. The taking gradually narrows to fifty feet at the north property line. Additionally, the Commission took an easement on a small tract east of the taking in fee for the purpose of changing the channel of Caney Creek. That easement begins approximately seventy-five feet south of the north property line and near the homesite, and extends south to a point near the center of the tract. Construction plans call for the building of a diversion channel on the easement. That channel would be some ten feet deep and fifty feet wide and would be permanent. Most of the Billingsleys' frontage, after construction, will be under controlled access.

The Commission contends that the landowners still "have access to the highway in a reasonable amount,

seventy-five feet of usable frontage." The landowners dispute the existence of reasonable access after the taking, offering evidence that a change in grade, the alteration of the boundary line, the building of a diversion ditch, and the existence of a control-of-access line "effectively prevents" access all along the frontage. However, the landowners concede that it is "technically possible" to cross to-and-from the highway by utilizing the extreme north seventy-five feet for that purpose. If as a result of the composite changes related the freedom of access has been so substantially affected as to diminish the fair market value of the tract then compensable damages arise. We have no hesitancy in concluding that there is substantial evidence establishing considerable diminution of ingress and egress.

The right to recover in the circumstances is well established by a number of authorities. Perhaps the leading authority of this court is *Campbell* v. *Arkansas State Highway Comm'n.*, 183 Ark. 780, 38 S. W. 2d 753 (1931). There a change in grade of the highway was said to have *substantially* impaired ingress and egress, which latter right was one of property:

> Under our decisions, the owner of property abutting upon a street or highway has an easement in such street or highway for the purpose of ingress and egress which attaches to his property and in which he has a right of property as fully as in the lot itself; and any subsequent act by which that easement is substantially impaired for the benefit of the public is a damage to the lot itself within the meaning of the constitutional provision for which the owner is entitled to compensation.

The facts in the case at bar are even stronger than those in *Campbell*. Here there was an actual taking, the establishment of a diversion ditch on appellees' property, and a control-of-access line, all in addition to a change in grade. Also, the easement initially extended

as a matter of law along the entire frontage; see *Arkansas State Highway Comm'n.* v. *Kesner*, 239 Ark. 270, 388 S. W. 2d 905 (1965). As was said in *Kesneer*, destruction of access *or* substantial impairment thereof may form a basis for recovery.

Finally, the Commission contends that a change of venue should have been granted. The form of the motion and the evidence supporting the motion were the same as in *Arkansas State Highway Comm'n* v. *Duff*, 246 Ark. 922, 440 S. W. 2d 563 (1969). There we held adversely to the Commission and we adhere to that holding.

Affirmed.