## ARKANSAS STATE HIGHWAY COMMISSION
### *v.* M. C. RYE ET UX

73-90            499 S.W. 2d 624

Opinion delivered October 8, 1973

*Thomas B. Keys* and *Philip N. Gowen,* for appellant.

*Donald Poe,* for appellees.

LYLE BROWN, Justice. This is an eminent domain case. It concerns a tract of land consisting of 101 acres in Scott County approximately one mile north of the city limits of Waldron. The south sixty-one acres of the property fronted on the west right-of-way of U.S. Highway 71 for one-quarter of a mile. That portion of the property was improved with the owners' dwelling and outbuildings. The 2.96 acres was taken so the State could build the

Waldron by-pass. The acquisition was a strip of land along the entire Highway 71 frontage ranging in depth from 15 feet to 371 feet. Two, 50 foot access points were given to the remainder, one to the north and another to the south. The original driveway was destroyed by the acquisition. With the exception of the two access points, controlled access was imposed across the remaining frontage. Just compensation was fixed by the jury at $9000. On appeal the Highway Department contends the verdict was excessive.

The landowners presented the evidence of an expert witness, Charles Wilburn. His qualifications were impressive and unquestioned. He testified just compensation to be $12,285. Appellant abstracted only the testimony of this witness. He fixed the market value of the whole tract before the taking at $65,000 and set the value of the remainder at $52,915. He used several asserted comparables to justify the land values. To the 2.96 acres taken, the witness attributed a value of $1185. He fixed a figure of $1300 as damages to the landscaped area within the taking. To sustain that figure the witness related that the road would have to be changed to come out at a different point because of the interchange; that part of a highly improved driveway was destroyed; and that some thirty well-developed trees, along with a number of young pine trees, were in the taking. The witness attributed the balance of the damages—some $10,000—to placing the highway frontage under controlled access:

> I think that's a minimum it would sell for less, yes sir. My damages are because of the fence. Because of the limited access. He does have access on both ends of his property, but he don't have a quarter of a mile of paved access and this road winds around through there in such a position that if he was going to develop it, they'd have to re-do that road. If a developer had it, he'd re-do that road. He wouldn't use all that land that's in between there and the highway. You're talking about this access road up to the house; a developer couldn't use that road if he wanted to develop it because he wouldn't want to lose that acreage of land out in front there.

It was Wilburn's opinion that the land before the taking was ideal for homesites, being close to Waldron, having good terrain, and having unfettered highway frontage of a quarter of a mile. The witness also testified that, based on his experience, property located back of a controlled access fence sold for a lesser price per acre. He also related that a developer would have to build a new paved road behind the fence at substantial expense, and that expenditure would of course affect the price the developer would pay for the land.

When the freedom of access to a public highway is substantially affected by a taking so as to diminish the fair market value of the tract then compensable damages arise. *Arkansas State Highway Comm'n.* v. *Billingsley,* 247 Ark. 49, 444 S.W. 2d 259 (1969); *Campbell* v. *Arkansas State Highway Comm'n.,* 183 Ark. 780, 38 S.W. 2d 753 (1931).

We are unable to say that the damages fixed by Wilburn are excessive. He was conceded to be an expert with excellent credentials. The jury verdict was well within the range of his testimony. See *Arkansas State Highway Comm'n.* v. *Rhodes,* 240 Ark. 565, 401 S.W. 2d 558 (1966).

Affirmed.