SLIP OPINION

Cite as 2014 Ark. 412

# SUPREME COURT OF ARKANSAS

No. CV–13-1037

| | |
|---|---|
| JOSE EDUARDO BALLESTEROS<br>APPELLANT | **Opinion Delivered** October 9, 2014 |
| V. | APPEAL FROM THE BENTON<br>COUNTY CIRCUIT COURT<br>[NO. CV 13-804-5] |
| TYLER RONEY<br>APPELLEE | HONORABLE XOLLIE DUNCAN,<br>JUDGE |
| | <u>APPEAL DISMISSED</u>. |

**JIM HANNAH, Chief Justice**

This is an appeal from orders granting a stay of a pending personal-injury case pursuant to the Servicemembers Civil Relief Act, 50 App. U.S.C. §§ 501 to –515, 516 to –597(b) ("SCRA"). Following a motor-vehicle accident, appellant, Jose Eduardo Ballesteros, filed a negligence suit against appellee, Tyler Roney. On September 17, 2013, Roney filed an "Application for Stay of Proceedings," pursuant to section 522(b) of the SCRA. In his application, Roney stated that he was currently serving on active duty, assigned to Marine Corps Base Camp LeJeune, near Jacksonville, North Carolina, and that because of his active-duty status, "his ability to prepare a defense and to appear for depositions and in court is materially affected." Roney requested a stay of the proceedings for the entire period of his military service or, alternatively, for a period of time not less than the statutory minimum of ninety days. In support of his application, Roney submitted an "Affidavit of Servicemember," in which he explained why he believed he was entitled to a stay, and "Original Orders,"

signed by his commanding officer. The circuit court granted Roney's application in two orders entered on September 19, 2013: one stating that the matter was "closed until the Defendant's active duty military service is completed and a Motion to Reopen is filed by either party," and the other stating that the matter was "stayed in all respects, including discovery, for the length of time equal to Defendant's military service."

On September 23, 2013, Ballesteros filed a "Motion and Brief to Extend Time for Service of Process, Response to Defendant's Application for Stay of the Proceedings, and Motion for Reconsideration of Order," in which he requested an order to extend time to complete service of process; contended that Roney had not complied with the SCRA and, therefore, his application for stay should be denied; and asserted that, because the relief granted by the circuit court was not in compliance with the SCRA, the circuit court should reconsider and withdraw its orders granting the stay. On October 14, 2013, Ballesteros filed a notice of appeal of the stay orders entered on September 19, 2013, and he filed an amended notice of appeal on October 24, 2013, to include all orders, if any, made within thirty days of his "Motion and Brief to Extend Time for Service of Process" filed on September 23, 2013.[1] Ballesteros originally appealed to the Arkansas Court of Appeals, which recommended certification to this court because the case involved a significant issue needing clarification or development of the law. This court accepted certification, and our jurisdiction is proper pursuant to Arkansas Supreme Court Rule 1–2(b)(5) (2014).

For reversal, Ballesteros contends that the circuit court abused its discretion in granting

---

[1]The circuit court did not rule on the motion.

the application for stay because Roney failed to meet the requirements for a stay under the SCRA. Roney responds that this appeal must be dismissed because an order granting or denying a stay pursuant to the SCRA is not a final order from which an appeal can be taken. Based on this court's precedent, we agree.

In *Piercy v. Baldwin*, 205 Ark. 413, 168 S.W.2d 1110 (1943), the trial court granted a stay of the proceedings, pursuant to the Soldiers' and Sailors' Civil Relief Act,[2] to a servicemember and his wife who were defendants in a civil action and denied the plaintiff's request to proceed to trial against other defendants in the action. On appeal, the plaintiff-appellant contended that the trial court abused its discretion in granting the motion for stay and in refusing to allow him to move to trial against the other defendants-appellees. We dismissed the appeal, explaining,

> We can not decide these questions for the reason that the appeal has been prematurely brought and we are without jurisdiction. The order from which this appeal comes is in no sense a final order, from which an appeal may be prosecuted. In effect, the order continues the cause during the military service of appellee, Luther Baldwin, and for three months thereafter. The cause has not been tried on its merits but is still pending. In *Harlow v. Mason*, 117 Ark. 360, 174 S.W. 1163, this court quoting from an earlier case, said: "A judgment, to be final, must dismiss the parties from the court, discharge them from the action or conclude their rights to the subject-matter in controversy. *Bank of the State v. Bates*, 10 Ark. 631; *Campbell v. Sneed*, 5 Ark. 399."

*Piercy*, 205 Ark. at 415, 168 S.W.2d at 1111.[3]

---

[2]The Soldiers' and Sailors' Civil Relief Act is the predecessor act to the SCRA.

[3]Ballesteros does not acknowledge this court's decision in *Piercy*, much less make any attempt to distinguish his case from *Piercy* or present any argument that *Piercy* should be overruled. Rather, he cites *Glick Cleaning & Laundry Co. v. Wade*, 206 Ark. 8, 172 S.W.2d 929 (1943), to support his proposition that this court has "entertained" an appeal of an order

Here, Ballesteros's appeal, like the appeal in *Piercy*, is premature. The orders granting a stay are not final orders from which an appeal may be taken; therefore, we must dismiss the appeal.[4] Because we dismiss the appeal, we do not consider Ballesteros's argument that the circuit court erred in granting the application for stay without first allowing him time to respond to the application, nor do we consider his argument that the circuit court "erred in not extending" time for him to effect service.

Appeal dismissed.

*Ken Swindle*, for appellant.

*Robertson, Beasley & Ford, PLLC*, by: *Jacqueline Forsgren Cronkhite*, for appellee.

---

granting or denying a stay. In *Glick*, however, this court reviewed the order denying a stay after the chancery court had tried the case on its merits and had entered a final decree. The appeal of that final decree permitted our review of the intermediate order denying the motion for stay. In other words, the order denying the motion for stay was not independently appealable in *Glick*, but was reviewable on appeal from the final decree. *See also Potts v. Rader*, 215 Ark. 160, 219 S.W.2d 769 (1949) (denial of stay under Soldiers' and Sailors' Civil Relief Act reviewed on appeal of final decree and later order refusing to vacate that decree); *Martin v. Rolfe*, 207 Ark. 1072, 184 S.W.2d 70 (1944) (denial of stay under Soldiers' and Sailors' Civil Relief Act reviewed on appeal of final decree); *Reynolds v. Haulcroft*, 205 Ark. 760, 170 S.W.2d 678 (1943) (denial of stay under Soldiers' and Sailors' Civil Relief Act reviewed on appeal of final decree).

[4]We note that our decisions in *Piercy* and the instant case are consistent with Rule 2 of the Arkansas Rules of Appellate Procedure–Civil (2014), which lists the orders from which appeals may be taken. Rule 2 does not authorize an independent appeal of an order granting or denying a stay under the SCRA.