--------
BART F. VIRDEN, Judge *175 Appellant Sarah Marie Smith appeals from the Washington County Circuit Court's order granting the motion of appellee Daniel John Brown for a stay pursuant to the Servicemembers Civil Relief Act (SCRA).[1] Smith raises several points on appeal: (1) the trial court erred in finding that Brown was still deployed in April 2018, (2) the trial court erred in granting the stay because Brown's application was defective, and (3) the trial court erred in finding that Brown could testify via telephone in any hearing while deployed and did not limit that testimony to issues under the Uniform Deployed Parent Custody and Visitation Act (UDPCVA).[2] We dismiss this appeal without prejudice for lack of a final, appealable order.
I. Background and Procedural History
The parties divorced in July 2010. Smith was granted custody of their child, G.B., and Brown was awarded visitation and ordered to pay child support. In March 2017, Brown petitioned for a modification of visitation because he had recently received orders that he would be deployed overseas at the end of August 2017 for a period of one year. Smith responded to Brown's petition and counterclaimed for an increase in child support. The matter was scheduled to be heard on August 3, 2017, but Smith sought and was granted a continuance over Brown's objection. In the ensuing months, Smith filed a motion to compel discovery related to the issue of child support, a petition for contempt, and a motion for summary judgment asserting entitlement to an increase in Brown's child-support obligation from $ 509 per month to $ 5,765 per month.
On March 2, 2018, Brown filed a motion to stay the proceedings pursuant to the SCRA because Smith had filed additional motions that she wanted heard immediately, despite the fact that he had been deployed. Brown alleged that Smith had objected to his testifying via telephone and that hearing the matter without his testimony would adversely affect his ability to defend.
On April 10, 2018, the trial court held a hearing and subsequently entered an order granting Brown's motion for a stay pursuant to the SCRA. Noting Smith's continued objection to Brown's testimony being taken by telephone for issues outside the UDPCVA, the trial court ordered that Smith's motions would be heard once Brown returned from his deployment. Smith timely appealed from this order.
II. Discussion
Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure-Civil provides that an appeal may be taken from a final judgment or decree entered by the trial court. Whether a final judgment exists is a jurisdictional issue that this court has a duty to raise, even if the parties do not, in order to avoid piecemeal litigation. Kines v. McBride , 2017 Ark. App. 40, 511 S.W.3d 352. For a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. Id. When the order appealed from is not final, this court will not decide the merits of the appeal. Id. We conclude that the order granting a stay pursuant to the SCRA is not a final, appealable order.
In Ballesteros v. Roney , 2014 Ark. 412, 443 S.W.3d 548, a case cited by Brown, the appellant Ballesteros had filed a personal-injury *176 lawsuit against servicemember, appellee Roney. Roney moved to stay the proceedings pursuant to the SCRA because he was deployed. The trial court granted the stay, and Ballesteros argued on appeal that the trial court had abused its discretion in granting Roney's application for a stay because Roney had failed to meet the requirements for a stay under the SCRA. The Arkansas Supreme Court agreed with Roney's position that the order granting the stay was not a final order and cited Piercy v. Baldwin , 205 Ark. 413, 168 S.W.2d 1110 (1943), in which the trial court had granted a stay of proceedings pursuant to the Soldiers' and Sailors' Civil Relief Act (the SCRA's predecessor act). In Piercy , the supreme court stated,
We cannot decide these questions for the reason that the appeal has been prematurely brought and we are without jurisdiction. The order from which this appeal comes is in no sense a final order, from which an appeal may be prosecuted. In effect, the order continues the cause during the military service of appellee, Luther Baldwin, and for three months thereafter. The case has not been tried on its merits but is still pending.
Ballesteros , 2014 Ark. 412, at 3, 443 S.W.3d at 550 (quoting Piercy , 205 Ark. at 415, 168 S.W.2d at 1111 ). The Ballesteros court thus dismissed Ballesteros's appeal and pointed out in a footnote that its decisions in Ballesteros and Piercy were consistent with Rule 2 of the Arkansas Rules of Appellate Procedure-Civil, which lists orders from which an appeal may be taken but does not authorize an independent appeal of an order granting a stay under the SCRA.
Given this precedent, we do not have jurisdiction to hear this appeal because we lack a final, appealable order; therefore, we dismiss without reaching the merits of Smith's arguments.
Dismissed without prejudice.