ROGERS' ESTATE *v.* HARDIN.

4-6034                                                      143 S. W. 2d 544

Opinion delivered October 7, 1940.

*Shelby C. Ferguson* and *Sidney Kelley,* for appellant.

*Gus Causbie,* for appellee.

HUMPHREYS, J.   This is an appeal from the circuit court of Sharp county, northern district, in the case of Telia Hardin, surviving widow of H. K. Hardin, deceased, and Nellie Worel, Flora Bench and Maurice Hardin, as the heirs of H. K. Hardin, against the estate of A. F. Rogers, deceased, on appeal from the probate court to the circuit court on the claim of $184.55 presented by H. K. Hardin in his lifetime to the executrix of the Rogers estate on the 18th day of October, 1932, which was disallowed by her and thereafter, on the 19th day of June, 1933, was filed with the clerk of the probate court for allowance by the probate court.

The claim was based upon a note executed by G. A. King, C. W. King and A. F. Rogers to H.-K. Hardin in the sum of $152 for value received bearing interest at the rate of 10 per cent. per annum until paid and due and payable one year after the 10th day of October, 1922, which was the date of the note.   This note was attached to the affidavit for verifying the claim and on its face all the makers were principals, but C. W. King and A. F. Rogers were in fact sureties.   Credits or payments appeared on the back of the note as follows:

"October 31, 1923, received on this note $15 interest for one year.

"11-28-25—Cr. by cash ............................................................ $30.00
"December 4, 1926—Cr. by cash ........................................ $15.00
"November 19, 1927—Cr. by cash ...................................... $15.00
"Cr. by meat November 28, 1928 ........................................ $15.00
"March 15, 1930—Cr. by hogs ............................................ $25.00

"Homer Hardin."

Counsel for the parties agreed in open court that the credits or payments were made and such payments kept the note alive until after it was presented to the administratrix and after it was filed with the probate clerk for allowance by the probate court.

So far as the record reflects the claim filed with the clerk of the probate court on the 19th day of June, 1933, for allowance, remained on file in the probate court until December 26, 1938, at which time the probate court disallowed same, whereupon the following affidavit for appeal to the circuit court was filed, to-wit:

"In the probate court for the northern district of Sharp county, Arkansas.

"Telia Hardin, surviving widow of H. K. Hardin, deceased, *et al.*, plaintiff, v. A. F. Rogers Estate, defendant.

"AFFIDAVIT FOR APPEAL

"Comes Gus Causbie, attorney for the claimant in the above entitled cause, and states that the appeal prayed is not taken for the purpose of delay but that justice may be done the claimants.

"Gus Causbie.

"Subscribed and sworn to before me this 26th day of December, 1938.

"Ralph Hall, Clerk."

The transcript of the proceedings in the probate court was filed with the clerk of the circuit court in apt time and by agreement of the parties the court, sitting as a jury, tried the case on an agreed statement of facts. The agreed statement of facts was in the form of questions by the court propounded to the attorneys and their answers thereto and were reduced to writing and treated and signed by the court as the bill of exceptions in the suit.

The issues arising on the agreed statement of facts are as follows:

First—whether the action was barred after the claim was filed with the probate clerk for allowance by the probate court by statute or by laches;

Second—whether the affidavit for appeal from the judgment of the probate court was insufficient because it was sworn to by the attorney of the parties plaintiff instead of the parties themselves;

Third—whether the failure to sue the principal and other surety on the note released A. F. Rogers from liability thereon;

Fourth—whether the payments on the note were sufficiently proved to keep the note alive until presented to the administratrix and the clerk of the probate court for allowance.

(1) Under the agreed statement of facts the claim was not barred when filed in the probate court for allowance on June 19, 1933, but the contention is made that between that date and December 26, 1938, when it was acted upon and disallowed by the court, the claim was barred by the statute or by laches for the failure of the parties plaintiff to diligently prosecute their claim. We are cited to no statute or rule of law in support of either contention. The filing of the claim with the probate court for allowance was the institution of a suit thereon against the estate of A. F. Rogers, deceased, and the institution of the suit arrested the running of the statute. Not being barred when the suit was commenced the statute of limitations did not begin to run again against the claim during the pendency of the suit. The failure to call the attention of the court to the pendency of the suit and ask the court to allow the claim did not constitute laches on the part of the claimants that would estop them from doing so. It does not appear from the record that the estate was prejudiced in any way by the failure of the claimant to again ask the court to allow the claim. The administratrix might have requested the court at any time during the pendency of the suit to disallow the claim. This she did not elect to do. Both parties seemed willing to let the matter rest or remain in abeyance until such time as the court might act upon it.

(2) The only objection made to the sufficiency of the affidavit for appeal from the probate to the circuit court, according to the record, was that it should have been made by the parties instead of their attorney. Section 2885 of Pope's Digest, among other things, provides that "the party aggrieved, his agent or attorney, shall

swear in affidavit that the appeal is taken because he verily believes that he is aggrieved, and not taken for the purpose of vexation or delay.'' Under this statute the attorney was specifically authorized to make the affidavit for the party and the objection to the affidavit that it was signed by the attorney for the parties instead of the parties themselves is not tenable.

(3) The contention of appellant that A. F. Rogers or his estate was released from liability because H. K. Hardin, the payee in the note, did not sue G. A. King or O. W. King is not sound. Hardin had a right to sue them all or any one of them and the fact that he sued only one would not release A. F. Rogers nor his estate from liability on the note. The administratrix could have paid the note when it was presented to her for allowance and sued G. A. King and O. W. King herself. There is nothing in the record showing that the estate of A. F. Rogers was prejudiced by a failure of H. K. Hardin or his surviving widow and heirs to sue G. A. King and O. W. King, the principal and other surety on the note.

(4) The bill of exceptions reflects that the last credit on the note was March 15, 1930, in the amount of $25 and that the claim was presented to the executrix on October 18, 1932, and when disallowed that it was filed with the probate clerk on June 19, 1933, and counsel agreed that it was presented to the executrix within the proper time and was filed with the probate court within proper time and that at that time it was not barred either by the statute or by laches. In view of this agreement by the attorneys for the parties in open court as to the facts in the case, we do not think it can be said that the payments were not made in accordance with the indorsements on the back of the note. It was unnecessary to make specific proof of the payments when the parties admitted that they had been made on the dates shown on the note itself.

Other questions are argued for a reversal of the judgment, but they were not raised in the trial court and

cannot be raised in the Supreme Court for the first time.

No error appearing, the judgment is affirmed.