Michael L. MORGAN *v.* Sandra J. MORGAN

CA 82-409                                                652 S.W.2d 57

Court of Appeals of Arkansas
Opinion delivered June 15, 1983

---

*Ronald J. Bruno & Associates,* for appellant.

*Wallace, Hilburn, Clayton, Calhoon & Forster, Ltd.,* for appellee.

JAMES R. COOPER, Judge. The appellee, Sandra Morgan Griesdorn, brought this contempt of court action against the appellant, Michael L. Morgan, for failure to pay child support, major dental bills, and failure to provide medical insurance coverage for the parties' three minor children. After a hearing, the chancellor found that the appellant was in arrears for child support in the amount of $9,817.21 and that he owed $799.00 on three dental bills, and $1,029.60 for the medical insurance coverage premiums. From that decision, comes this appeal.

The appellant and the appellee were divorced on March 21, 1975. The appellant was granted specific visitation rights and ordered to pay $400.00 per month in child support and all major medical and dental expenses for the appellee and the parties' three minor children. The appellee subsequently remarried. As a result of the appellee's remarriage and the appellant's financial condition, the appellant petitioned in November, 1975, for a reduction in child support, clarification and reduction of his obligations for medical and dental expenses, and clarification of his visitation rights. On April 13, 1976, the chancellor reduced the child support payments, found the appellant responsible for the major medical and dental expenses of the parties' three minor children, but

eliminated the appellant's obligation for the appellee's medical and dental expenses, and ordered the appellant to carry hospitalization insurance on the children. In August, 1978, the appellee and the children moved to Illinois. On Novmber 30, 1981, the appellee brought this contempt of court action against the appellant for failure to pay child support payments, dental expenses, and for reimbursement of insurance premiums for hospitalization coverage for the children which had been provided by the appellee.

For his first point for reversal, the appellant argues that the chancellor erred in awarding child support arrearages to the appellee for the years 1975 and 1976. The appellant contends that the five-year statute of limitations barred any recovery of that portion of the child support arrearages. We cannot reach the merits of this argument since there has never been a final order or judgment entered on the issue of arrearages. The chancellor's order calculated the amount which was owed by the appellant, and then stated:

4. That the Defendant should make a substantial amount of payments towards the arrearage or in the alternative arrangements satisfactory to the parties should be made so that the arrearage can be paid as expeditiously as possible, and in the event that neither of the two aforementioned alternatives are accomplished, *the Court is to reduce the aforementioned amounts to a Judgment* for which garnishment or writs of execution may issue as Judgments in law. [Emphasis supplied.]

For an order to be appealable, it must in some way determine or discontinue the action. ARAP Rule 2. The final order must put the chancellor's directive into execution, ending the litigation or at least a separable portion of it. *Festinger* v. *Kantor,* 264 Ark. 275, 571 S.W.2d 82 (1978). *See also Keith* v. *Barrow-Hicks Extensions of Water Improvement District No. 85,* 275 Ark. 28, 626 S.W.2d 951 (1982).

Although the parties to this litigation have not raised the issue of the finality of the chancellor's order, we agree

with the Arkansas Supreme Court's statement in *Hyatt* v. *City of Bentonville,* 275 Ark. 210, 628 S.W.2d 326 (1982) that:

> Even though the parties do not raise the issue of the existence of a final order, it is a jurisdictional question which the appellate court has the right and duty to raise in order to avoid piecemeal litigation. *Ark. S & L* v. *Corning S & L,* 252 Ark. 264, 478 S.W.2d 431 (1972); *McConnell* v. *Sadle,* 248 Ark. 1182, 455 S.W.2d 880 (1970); *Ark. State Highway Comm.* v. *Kesner,* 239 Ark. 270, 388 S.W.2d 905 (1965); and *Piercy* v. *Baldwin,* 205 Ark. 413, 168 S.W.2d 1110 (1943). It is well established that before a judgment is final and appealable, it must dismiss the parties from the court, discharge them from the action or conclude their rights to the subject matter which is in controversy. *McConnell* v. *Sadle, supra; Ark. State Highway Comm.* v. *Kesner, supra; Piercy* v. *Baldwin, supra;* and *Roy* v. *Int'l Multifoods Corp.,* 268 Ark. 958, 597 S.W.2d 129 (Ark. App. 1980). ARAP, Rule 2, Ark. Stat. Ann. Vol. 3A (Repl. 1979).

Since no final, appealable order has been entered on the arrearages, the case must be remanded to the trial court for further proceedings.[1]

For his second point for reversal, the appellant argues that the chancellor erred in ordering him to reimburse the appellee for dental expenses and insurance premiums. The appellant was ordered to pay for all major dental expenses and to provide hospitalization insurance coverage for the children. As of the date of the contempt hearing, he had not paid either of these expenses. The appellant argues that some of the dental bills were for usual and routine dental work and therefore they were not his responsibility. Although we review the record *de novo* in chancery cases, this Court will not reverse the chancellor unless his findings are clearly erroneous or against a preponderance of the evi-

---

[1]Neither party has discussed the question of whether the filing of the original action for arrearages tolled the statute of limitations while the case was taken under advisement, as it apparently was. *See Holley* v. *Holley,* 264 Ark. 35, 568 S.W.2d 487 (1978): *Rogers' Estate* v. *Hardin,* 201 Ark. 1, 143 S.W.2d 544 (1940); ARCP Rule 3.

dence. ARCP Rule 52 (a); *Andres* v. *Andres,* 1 Ark. App. 75, 613 S.W.2d 404 (1981). From this record, it is unclear which dental charges were for teeth cleaning and which involved major dental work, such as capping some of the children's teeth. The appellant has the burden of demonstrating to this Court that the chancellor's finding was in error, and he has failed to meet that burden. We affirm on this point.

The appellant also argues that the chancellor erred in failing to reduce the amount of arrearages based on the appellee's violation of the court's orders regarding visitation. Since, as noted above, no final order establishing a judgment for arrearages has been entered, we need not reach this point.

The case is affirmed in part, and remanded for further proceedings consistent with this opinion.