MID-STATE HOMES, INC. *v.* Annie B. BEVERLY

CA 86-217                                             727 S.W.2d 142

Court of Appeals of Arkansas
Division II
Opinion delivered April 8, 1987

*Spencer, Spencer & Depper*, for appellant.

*Harkness, Friedman & Kusin*, by: *Sherman A. Kusin*, for appellee.

GEORGE K. CRACRAFT, Judge. Mid-State Homes, Inc., appeals from an order of the chancery court of Miller County granting alternative relief to Annie B. Beverly against it for breach of a contract for the sale of realty. We reach none of the points advanced for reversal because we conclude that the order appealed from was not an appealable one.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure provides that an appeal may be taken only from a final judgment or decree by a trial court. To be final, an order must be of such a nature as to not only decide the rights of the parties but also to put the court's directive into execution, ending the litigation or a separable part of it. *Festinger* v. *Kantor*, 264 Ark. 275, 571 S.W.2d 82 (1978); *Morgan* v. *Morgan*, 8 Ark. App. 346, 652 S.W.2d 57 (1983). The rule that an order must be final to be appealable is a jurisdictional one which this court is obligated to raise even when the parties do not do so. *Fratesi* v. *Bond*, 282 Ark. 213, 666 S.W.2d 712 (1984); *Morgan* v. *Morgan, supra.*

Here, the parties entered into a contract for the sale of real estate in 1981. The appellee brought this action contending that, due to the fraud and negligent misrepresentations by the appellant as to the state of the title, the contract should be rescinded. The appellant answered, denying those allegations, and counterclaimed for foreclosure of appellee's interest under the contract, alleging various breaches of the conditions of the contract on her part. The chancellor found that the appellant was guilty of breach of contract and, as a result of the breach, appellee had the option of either reinstating the agreement and bringing her payments current or rescinding the contract and being refunded the amounts paid toward the purchase price. In the decree, the

chancellor made findings as to the amounts due appellant in the event the appellee elected to reinstate the contract and the amount which would be due to the appellee if she elected rescission. The decree ordered and adjudged that:

> [I]f [appellee] elects to exercise this option that certain Agreement for Deed dated November 15, 1981, will be reinstated and the first of the remaining monthly installments due under the terms of said agreement shall be payable on or before March 10, 1986.

> If the [appellee] elects not to exercise the option provided by this judgment, it is hereby ordered, adjudged and decreed by the Court that after the application of all off-sets to which the [appellant] is entitled, the [appellee] Annie Beverly shall have judgment against the [appellant], Mid-State Homes, Inc., in the amount of [$3,357.14] together with costs of suit and interest thereon. . . .

By this decree, the court has not provided specific relief which may be immediately enforced. The relief to be granted is conditioned upon the action of the appellee. The record does not show that she has made such an election or, if she did, which of the two remedies she elected. As a general rule a conditional judgment, order, or decree, the finality of which depends upon certain contingencies which may or may not occur, is not final for the purposes of appeal. *See* 4 C.J.S. *Appeal and Error*, § 96 (1957). We conclude that where a chancery decree grants alternative relief at the election of one of the parties the order is not appealable. Since no final appealable order has been entered in this case, the appeal is dismissed and the case remanded.

COOPER and MAYFIELD, JJ., agree.