Randy CORBIT and Norman Corbit *v.*
STATE of Arkansas

98-212                                        976 S.W.2d 927

Supreme Court of Arkansas
Opinion delivered October 29, 1998

*Etoch Law Firm*, by: *Louis A. Etoch*, for appellants.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Ass't Att'y Gen., for appellee.

DAVID NEWBERN, Justice. ■ This is a property-forfeiture case. Although they may result in penal sanctions, property-forfeiture cases are civil in nature. *State v. One 1993 Toyota Camry,*

333 Ark. 503, 969 S.W.2d 663 (1998). Police authorities seized $1810.00, a 1987 GMC truck, various firearms, and other items following the arrest of Randy Corbit for possession and sale of marijuana. Randy Corbit and his father, Norman Corbit, have appealed from an order forfeiting $1710.00 of the cash seized, allowing a substitution of the firearms and other items for the truck, and making the forfeiture of the truck or the substituted assets dependent upon a conviction in the drug possession and sale case. We must dismiss the appeal due to the lack of a final order.

Michael Steele, a narcotics investigator with the First and Third Judicial Districts' Drug Task Force, along with a confidential informant, met with Christopher Jarrett and Edward Knapp and arranged for Mr. Jarrett and Mr. Knapp to purchase marijuana at New Place Store in Phillips County where Randy Corbit was employed.

Mr. Steele gave $100.00 in Drug Task Force "buy money" to Mr. Knapp. Mr. Jarrett and Mr. Knapp were to meet Investigator Steele at a specified location after buying the marijuana. According to Mr. Jarrett, when the pair arrived at the store, Randy Corbit told him that he did not have the marijuana and that he would have to go get it. According to Mr. Jarrett, Randy Corbit told him to come back in about an hour.

After an hour passed, Mr. Jarrett and Mr. Knapp returned to the store at which time Randy Corbit handed Mr. Jarrett the marijuana in exchange for the $100.00. Mr. Jarrett and Mr. Knapp then met Investigator Steele and gave him a plastic bag containing twenty-three grams of marijuana. At the forfeiture proceeding, Mr. Jarrett stated that upon returning to the store he noticed that the truck that had been outside the store had been moved.

At some distance from the store, officers observed Mr. Jarrett and Mr. Knapp enter the store and leave a short time later. They then observed Randy Corbit leave the store in the truck and then return about twenty minutes later. They also observed him obtain something from the bed of the truck before going back into the

store. They then observed Mr. Jarrett and Mr. Knapp return to the store and go inside.

Armed with a search warrant, Drug Task Force officers approached the store, arrested Randy Corbit, and seized a number of items including $1,810.00 found in Mr. Corbit's pocket, $100.00 of which was the marked "buy money." Lois Martin, the owner of the store, testified that Randy Corbit kept the store's money in his pocket to protect it from robbers. She testified that Randy Corbit told her that $1,500.00 of the cash in his pocket belonged to the store. She also said she knew that the store was short money on the day of the seizure, thus suggesting that money in Randy Corbit's pocket belonged to the store.

The Drug Task Force also seized a number of firearms from a trailer located behind the store as well as the 1987 GMC truck parked outside the store. Norman Corbit testified that the truck belonged to him, rather than to his son, and that he had loaned it to Randy Corbit. He also stated that any use of the truck to transport any controlled substance was done without his permission.

In addition to arguing that the truck was not subject to forfeiture, a posthearing brief filed by Norman Corbit and Randy Corbit contended that $1710.00 of the $1810.00 seized was not subject to forfeiture because it belonged to Lois Martin. Ms. Martin is not a party to this appeal. The Corbits also argued that the truck was not subject to forfeiture.

The Trial Court ordered the $1710.00 to be forfeited. It found that the guns and other items were subject to forfeiture as substitute assets in the place of the truck. Although the forfeiture statute, Ark. Code Ann. § 5-64-505 (Repl. 1997), does not specifically require a conviction as a predicate for forfeiture of items used in drug transactions, the Trial Court ordered the State to restrain the substitute assets, and "in the event the defendant is convicted," the assets would be ordered forfeited. It is that contingent aspect of the order that robs it of finality and requires dismissal of the appeal. The order meets none of the finality criteria stated in Ark. R. App. P.—Civ. 2(a). Nor has there been any

attempt to comply with Ark. R. Civ. P. 54(b), which allows entry of a final judgment as to one or more parties or claims but fewer than all of them and permits an appeal upon a determination by the Trial Court that there is no just reason for delay. Rule 54(b) provides, in part, that

> In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

We have said many times that the failure to comply with Rule 54(b) and to adjudicate all claims against all parties is jurisdictional and renders the matter not final for purposes of appeal. *See, e.g., Hodges v. Huckabee*, 333 Ark. 247, 968 S.W.2d 619 (1998). "As a general rule a conditional judgment, order, or decree, the finality of which depends upon certain contingencies which may or may not occur, is not final for the purposes of appeal." *Mid-State Homes, Inc. v. Beverly*, 20 Ark. App. 213, 727 S.W.2d 142 (1987).

Appeal dismissed.