Kenny BARNES *v.* Gina (Barnes) NEWTON

CA 99-458                                          10 S.W.3d 472

Court of Appeals of Arkansas
Divisions IV, I, and II
Opinion delivered February 9, 2000

*Malcolm R. Smith, P.A.*, by: *Malcolm R. Smith*, for appellant.

No response.

JOHN E. JENNINGS, Judge. The appellant Kenny Barnes and Gina Newton, the appellee, were married in July 1988. They had one child, Jacob, born in 1991. In 1995 the parties divorced. The decree awarded the parties joint custody, both legal and physical.

For some seven months after the divorce, both Jacob and a child of Ms. Newton by a previous marriage lived with Mr. Barnes in Humphrey, Arkansas. In January 1996, Mr. Barnes and Jacob moved to Mountain View where he took a position as an aviation mechanic. Ms. Newton continued to live in Stuttgart.

In December 1997, Ms. Newton filed a petition in Arkansas County Chancery Court asking that Jacob be returned to Arkansas County. By the time this case was heard in the trial court in December 1998, Jacob was in the second grade in Mountain View. In July 1998, Ms. Newton was diagnosed with Hodgkin's Disease.

Following the December 1998 hearing, the chancellor entered an order stating that custody of the child would remain "joint" but that "contingent upon the plaintiff's health, primary physical custody will switch to the plaintiff on August 1, 1999." On appeal Mr. Barnes' sole contention is that the chancellor erred in awarding primary physical custody to Ms. Newton. We agree and reverse.

The threshold issue is whether the chancellor's order changing physical custody is final and appealable. This is a matter going to our own jurisdiction and is an issue which we have the duty to raise on our own motion. *See Smith v. Smith*, 337 Ark. 583, 990 S.W.2d 550 (1999). To be final and appealable, an order must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Petrus v. Nature Conservancy*, 330 Ark. 722, 957 S.W.2d 688 (1997).

We recognize the general rule that a conditional order or decree, the finality of which depends upon certain contingencies that may or may not occur, is not final for purposes of appeal. *Corbit v. State*, 334 Ark. 592, 976 S.W.2d 927 (1998). In the case at bar, the

fact that the change in physical custody is to take place at some time in the future does not render the order unappealable. It is clear enough that no further hearing or decree was contemplated.

■ The more serious problem is the apparent conditional nature of the transfer in custody, as being made contingent upon Ms. Newton's health. When a chancery decree orders a transfer of physical custody to a party with the transfer to take place some time after the entry of the decree, the order is always contingent, in a sense, upon the continued health of the party. For that reason, it seems proper to treat the conditional language in the decree as surplusage — it adds nothing to the terms of the decree.

■ Finally, it is reasonable to ask when the order changing custody might have become appealable if it is not appealable from the date of its entry. This question has no satisfactory answer. We conclude that the order appealed from is final for purposes of appeal.

■ We also conclude that Mr. Barnes' contention that the case must be reversed is correct. The law is clear that child custody may not be altered absent a material change in circumstances. *Jones v. Jones,* 326 Ark. 481, 931 S.W.2d 767 (1996). Here, the child had resided with his father since the time of the divorce. He was evidently happy and doing well in school. There is no allegation by either parent that the other is unfit.

The chancellor's order sets out no change in circumstances that would warrant a change of physical custody to the mother, and we can find none in the record. The order appealed from, therefore, must be reversed.

Reversed.

BIRD, NEAL, CRABTREE, and MEADS, JJ., agree.

STROUD and HART, JJ., concur in part; dissent in part.

PITTMAN and ROAF, JJ., dissent.

JOHN F. STROUD, JR. concurring in part; dissenting is part. I agree with that portion of the majority opinion that finds the order of the chancellor entered on December 16, 1998, to be a final and appealable order. The order stated: "Contingent upon the

Plaintiff's health, primary physical custody will switch to the Plaintiff on August 1, 1999...." This is no more contingent than an order changing primary physical custody at a definite future date contingent upon the party to receive the custody being alive on the change date. It is my view that the chancellor in this case, in ordering a change in primary physical custody, is merely acknowledging that if the mother's Hodgkin's Disease prevents her from being able to provide adequate care for her minor child, the order can be changed. For her health to prevent the change of primary physical custody, one of the parties would have to bring the matter to the court's attention by proper petition. The fact that child custody or primary physical custody can always be changed does not prevent the last order from being a final appealable order.

I dissent from that portion of the majority opinion that reverses the trial court's decision to change the primary physical custody from the father to the mother. This is a case of joint custody with the court having previously incorporated into the divorce decree the agreement of the parties that provided that "both parties are fit and proper persons to be awarded the care and custody of the minor child...." I am not convinced that a legal change of circumstances is required to change actual physical custody between parties who already have joint custody. I think it more akin to a change of visitation where the best interest of the child is the overriding consideration. The chancellor's order of December 16, 1998, specifically held "that custody of the parties' child shall remain joint." However, if a legal change of circumstances is required, I think the mother's Hodgkin's Disease, together with the father's relocation, is a sufficient legal change of circumstances.

In chancery cases, we review the evidence *de novo*, but we do not reverse the findings of the chancellor unless it is shown that they are clearly contrary to the preponderance of the evidence. *Thigpen v. Carpenter*, 21 Ark. App. 194, S.W.2d 510 (1987). In child-custody cases, we give special deference to the superior position of the chancellor to evaluate the witnesses, their testimony, and the child's best interest. *Thompson v. Thompson*, 63 Ark. App. 89, 974 S.W.2d 494 (1998). I have no difficulty with this change of actual physical custody from the father to the mother, which decision well might have been motivated by the chancellor's desire for the mother to have quality time with her son if her health permitted. I will not second guess the chancellor on this most important decision.

Concur in part; dissent in part.

HART, J., joins in this opinion.

JOHN MAUZY PITTMAN, Judge, dissenting. I respectfully dissent. My quarrel with the majority is not with the result that it would reach on the merits of the case. Rather, my disagreement is with its conclusion that we have jurisdiction to address the merits.

The parties were divorced in July 1995 by a decree that provided in part that they would share joint legal custody of their minor child, with physical custody to be shared equally to the extent possible. In January 1996, appellant moved to Stone County with the parties' child. In December 1997, appellee filed a motion seeking to have the child returned to Arkansas County. Appellant answered and counterclaimed, praying that appellee's motion be dismissed and asking that he be awarded primary physical custody of the child. In July 1998, appellee was diagnosed with Hodgkin's disease. At the time of the hearing in December 1998, appellee was undergoing chemotherapy, which was to last at least another ten weeks and which left her in a weakened condition. After the hearing, the trial court ordered, *inter alia*, that legal custody remain joint; that appellant have primary physical custody "for the time being"; and that, "*contingent upon the [appellee's] health*, primary custody will switch to the [appellee] on August 1, 1999." (Emphasis added.)

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure—Civil provides that an appeal may be taken only from a final judgment or decree. As the majority states, to be final and appealable, an order must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Petrus v. The Nature Conservancy*, 330 Ark. 722, 957 S.W.2d 688 (1997). The order must be of such a nature as to not only decide the rights of the parties, but also to put the court's directive into execution, ending the litigation or a separable part of it. *Id.* As a general rule, a conditional judgment, order, or decree, the finality of which depends upon certain contingencies that may or may not occur, is not final for purposes of appeal. *Corbit v. State*, 334 Ark. 592, 976 S.W.2d 927 (1998); *Mid-State Homes, Inc. v. Beverly*, 20 Ark. App. 213, 727 S.W.2d 142 (1987). Whether a final judgment, decree, or order exists is a jurisdictional issue that this court has the

duty to raise even when the parties do not do so. *Smith v. Smith*, 337 Ark. 583, 990 S.W.2d 550 (1999); *Mid-State Homes, Inc. v. Beverly*, *supra*.

Here, the order appealed from did not provide specific relief that could be immediately enforced. The relief to be granted was expressly conditioned upon the state of appellee's "health" on a date then more than seven months in the future. The record does not reflect the state of appellee's health as of that date or which of the two parties was, in fact, then entitled to custody of the child. The majority holds that the conditional language is mere surplusage because every custody order depends upon the continued health of the party who is to receive custody. One obvious problem with employing such reasoning in this case is that it ignores the factual context in which the chancellor used the language. This was not like every other case, but was one in which the appellee had Hodgkin's disease and was at that very time undergoing a lengthy regimen of chemotherapy that, by her own admission, left her in a weakened condition. The effect of appellee's illness upon her ability to properly care for the child was clearly before the court, and concern and uncertainty over that issue would appear to be the obvious reason that the chancellor expressly conditioned his order.

Since that part of the order that appellant appeals from depended upon a contingency that may or may not have occurred, I cannot conclude that it is final and appealable. *See Mid-State Homes, Inc. v. Beverly*, *supra; see also Corbit v. State*, *supra*. Consequently, I would dismiss the appeal.

ROAF, J., joins in this dissent.