Timothy Tucker COLEMAN, et al. *v.* REGIONS BANK, et al.

04-750                                                                216 S.W.3d 579

Supreme Court of Arkansas
Opinion delivered November 3, 2005

*Richard H. Mays Environmental Legal Services*, by: *Richard H. Mays*, for appellants.

*Chisenhall, Nestrud & Julian, P.A.*, by: *Charles R. Nestrud* and *R. Matthew Vandiver*, for appellee Regions Bank.

*Quattlebaum, Grooms, Tull & Burrow PLLC*, by: *Charles L. Schlumberger*, for appellees KARK-TV, Inc., Combined Communications Corp., and Gannett Co.

BETTY C. DICKEY, Justice. The appellants, collectively referred to as the "Tucker" and "Moore" families, challenge, *inter alia*, the circuit court's award of attorney's fees in the amount of $25,000 to appellee Regions Bank upon the dismissal of

the appellants' counterclaim for breach of ground leases. In awarding the fees, the circuit court's order included conditional language. Specifically, the order provided the court the option of either awarding additional fees up to $12,239.50, depending upon the outcome of the appeal, or awarding the entire $12,239.50 if the case were not appealed. Because the order failed to resolve Regions' claim for attorney's fees by including contingencies based upon action that might be taken by the appellate court or the appellants, we dismiss this appeal pursuant to Arkansas Rule of Civil Procedure 54(b).

The assessment of fees arises from an action involving two ground leases executed by the Bank through its predecessors,[1] one parcel from the Tucker family and the other from the Moore family, located at West Third and Louisiana in Little Rock. The Bank, in accordance with its leases, constructed its headquarters, consisting of two buildings. The building located on the Moore parcel included a bank lobby and offices, while the building on the Tucker parcel encompassed a drive-through and offices. Though the columns and frames of the buildings are physically and structurally separated,[2] the exterior of the buildings are connected, and share common electrical, HVAC and plumbing systems, elevators, restrooms, and stairwells. Therefore, the connected buildings (preexisting structure) were utilized as if they were one building.

The Bank eventually acquired leasehold interests in land adjoining the Tucker and Moore parcels; the Bank constructed a third building on the adjoining parcel, with an overpass connecting the new building to the preexisting structure. In 1975, the Bank conveyed ownership of the banking facilities and subleased the ground leases to Combined Communications Corporation, the owner of appellee KARK T.V., Inc. KARK utilized the buildings until the subleases expired on June 30, 2002, and the Bank's ground leases expired on July 31, 2002.

---

[1] The leases were originated by Peoples National Bank of Little Rock, which in turn was succeeded by First National Bank, First Commercial Bank, and Regions Bank, respectively. These entities will be hereinafter referred to as "the Bank."

[2] The buildings were designed to be physically and structurally separated. Physically, the buildings are separated by property lines. Structurally, the buildings contain two sets of columns (one set on each side of the common boundary) and frames (through the footings, foundation, floor framing and roof).

In 2002, just prior to the expiration of the leases, the Tuckers and Moores demanded that each receive separate buildings commensurate with their property lines. The Bank refused to comply with the demand and filed suit as a declaratory action on August 15, 2002, seeking judgment that a license or easement exists between all structures, requiring all owners to share facilities common to those structures. The Tuckers and Moores filed a counterclaim, arguing that the Bank was obligated by the terms of the leases to deliver to each of them a building that was separate and independent of the others.

On December 19, 2003, after partial summary-judgment motions had been filed by both parties, the circuit court determined that the Bank was not required to separate the preexisting structure and dismissed the appellants' counterclaim. The court further declined to make a determination on the Bank's easement claim; instead, it encouraged the parties to reach an acceptable agreement, and if one could not be achieved, it instructed the parties to bring the issue back to the court for relief.

On January 14, 2004, the Tuckers and Moores requested that the circuit court resolve the easement dispute because the parties were unable to reach an agreement. The court entered a Rule 54(b) certification on January 15, 2004,[3] which referenced the December 19, 2003, order. On February 2, 2004, the court entered a supplemental order, finding that an easement existed among the common structures and that each owner would continue using the common building features in the same manner as they were prior to the expiration of the ground leases. In conjunction with the order, the court entered a certificate of finality pursuant to Rule 54(b) and stated that the supplemental order, along with its order of December 19, 2003, resolved both the appellants' separation claims and the Bank's easement claim.

On February 17, 2004, the Bank filed a motion for attorney's fees under Rule 54(e) and Ark. Code Ann. § 16-22-308, requesting $37,239.50 in compensation. On June 1, 2004, the circuit court found the request to be reasonable; at that time, the court awarded only $25,000, but stated that it might be willing to award the remaining $12,239.50, depending upon the outcome of

---

[3] Notably, the certification did not follow the judge's signature on the December 19, 2003, order.

an appeal. Furthermore, the court stated that if the Tuckers and Moores chose not to appeal, it would award the remaining fees to the Bank.

The Tuckers and Moores raise the following points on appeal: (1) the circuit court erred in awarding fees because the motion for attorney's fees was not filed within fourteen days of the December 19, 2003, order, as required under Ark. R. Civ. P. 54(e)(2); (2) in the alternative, the court erred in awarding fees because the motion for attorney's fees was not filed within fourteen days of the February 2, 2004, supplemental order; (3) Ark. Code Ann. § 16-22-308 does not authorize an award of attorney's fees in an action for a declaratory judgment; (4) even if attorney's fees were appropriate, they were erroneously awarded because they were inflated; (5) the court abused its discretion in awarding fees that were conditioned, in part, upon the outcome of this appeal; and (6) the assessment of fees resulted in an inequitable outcome.

As earlier indicated, the circuit court's order awarding attorney's fees is not an appealable order pursuant to Rule 54(b) of the Arkansas Rules of Civil Procedure. Rule 54(b) provides that when multiple claims or parties are involved in an action, the circuit court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties. If the circuit court makes such a determination, it must execute a Rule 54(b) certificate, which shall set forth the factual findings upon which the determination to enter final judgment is based. *See* Ark. Rule Civ. P. Rule 54(b)(1) (Repl. 2005). Absent the executed certificate, a judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties. *See* Ark. R. Civ. P. 54(b)(2).

This court has said many times that the failure to comply with Rule 54(b) and to adjudicate all claims against all parties is jurisdictional and renders the matter not final for purposes of appeal. *See, e.g., Corbit v. State*, 334 Ark. 592, 976 S.W.2d 927 (1998); *Hodges v. Huckabee*, 333 Ark. 247; 968 S.W.2d 619 (1998); *Tucker v. Lake View Sch. Dist. No. 25*, 323 Ark. 693, 917 S.W.2d 530 (1996). Because a violation of Rule 54(b) relates to the subject-matter jurisdiction of this court, we must raise the issue on our own. *Hodges v. Huckabee, supra; Tucker v. Lake View Sch. Dist. No. 25, supra.*

This case is analogous to *Corbit v. State, supra,* where this court stated that, as a general rule, a conditional order, becoming final upon contingencies, which may or may not occur, is not a final appealable order. There, the defendant was arrested after he gave marijuana to law enforcement officers in exchange for $100.00 in cash. Following his arrest, the officers seized $1,810.00 in cash, a 1987 GMC truck, various firearms, and other items. During a forfeiture hearing of the seized items, the defendant argued that $1,710.00 of the cash and the truck were not subject to forfeiture. He stated that the money belonged to the owner of the store where the drug sale took place, and the truck belonged to his father, who was unaware that his truck was being used to transport drugs. The circuit court ordered the $1,710.00 to be forfeited, with the firearms and other items subject to forfeiture as substitute assets in the place of the truck. The State was ordered to hold the substituted assets, and, "in the event the defendant is convicted," the assets would be ordered forfeited. In dismissing the appeal, we held that the circuit court failed to comply with Rule 54(b), stating that "[i]t is that contingent aspect of the order that robs it of finality and requires dismissal of the appeal."

In the instant case, the circuit court's order failed to resolve the Bank's claim for attorney's fees and provides contingencies based upon action taken by the appellate court or by the Tuckers and Moores. The relevant language of that order is:

> The Plaintiff has submitted a request for an award of attorney's fees in the amount of $37,239.50. The Court finds that this request is reasonable and that the Plaintiff has well documented its claim for fees. However, this case raised novel issues that will ultimately be resolved at the appellate level. At this time, the Court will award an attorney's fee in the amount of $25,000.00. *The Court may be willing to award the remaining $12,239.50 depending on the outcome of the appeal. If the defendants do not prosecute an appeal, the Court will award the additional amounts upon submission of proof that the matter has not been prosecuted.* (Emphasis added.)

In light of this conditional language, we conclude that the circuit court's order is not appealable. A contrary holding would require this court to speculate as to the finality of the Bank's claim for attorney's fees, which we will not do. *See, e.g., Hodges v. Huckabee, supra.*

Appeal dismissed without prejudice.

GLAZE, J., not participating.