Cite as 2021 Ark. App. 192

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-20-482

| | | |
|---|---|---|
| LARAMIE ASHLEY | APPELLANT | **Opinion Delivered:** April 28, 2021 |
| | | APPEAL FROM THE FRANKLIN COUNTY CIRCUIT COURT, SOUTHERN DISTRICT [NO. 24CDR-19-4] |
| V. | | |
| JACOB K. ASHLEY | APPELLEE | HONORABLE GORDON W. "MACK" MCCAIN, JR., JUDGE |
| | | DISMISSED |

## BART F. VIRDEN, Judge

The Franklin County Circuit Court entered a divorce decree awarding joint custody of the parties' daughter, A.A., to appellant Laramie Ashley and appellee Jacob Ashley when Jacob moves to Charleston, Arkansas, and obtains an independent living space. Laramie argues that the trial court erred in awarding joint custody because the parties do not cooperate and because joint custody is not in A.A.'s best interest. We dismiss for lack of a final, appealable order.

### I. *Background*

Laramie and Jacob married in February 2017, and Laramie gave birth to A.A. later that year. The parties separated on January 6, 2019, and Laramie filed for a divorce and sought primary custody of A.A. Jacob counterclaimed for divorce and sought joint custody. On February 21, 2020, the trial court held a full hearing on the merits to determine who

should have custody of A.A. The basis for our dismissal of the appeal is grounded in the following testimony and findings of the trial court.

Jacob testified that he was working at Patterson UPI Drilling but now draws workers' compensation benefits due to an accident that has left him disabled. Jacob stated that on February 23, 2018, he was working on a drilling rig when a 500-pound piece of machinery fell on his head. He has had multiple surgeries to fix the damage including a nerve transfer; he has a rod in his back; and he developed a blood clot in his arm. Jacob testified that he is scheduled to have surgery in two weeks to have his hand and part of his arm amputated. He was told that it would take anywhere from two to six weeks to heal after surgery. Jacob will then be fitted for a prosthesis followed by training and therapy. Jacob, who currently lives in Booneville, Arkansas, said that he plans to buy a house in Charleston, where he and Laramie have previously agreed that A.A. will attend school. Jacob also testified that he wants to live by himself as soon as he is able.

The trial court granted joint custody of A.A. to Laramie and Jacob. The trial court found that Laramie will have primary physical and legal custody of A.A. and be the decision maker and that Jacob will retain the current visitation schedule, which is two days through the week and every other weekend. The trial court's order further provides "that when the Defendant moves to Charleston, Arkansas, on a permanent basis and establishes an independent living space, the time with the minor child shall be split 50/50."

## II. *Discussion*

Whether a final judgment, decree, or order exists is a jurisdictional issue that this court has a duty to raise, even if the parties do not, in order to avoid piecemeal litigation.

*Kines v. McBride*, 2017 Ark. App. 40, 511 S.W.3d 352. Arkansas Rule of Appellate Procedure–Civil 2(d) provides that "[a]ll final orders awarding custody are final, appealable orders." As a general rule, a conditional judgment, order, or decree, the finality of which depends on certain contingencies that may or may not occur, is not a final order for purposes of appeal. *Wadley v. Wadley*, 2010 Ark. App. 733. We hold that the trial court's order is not final for purposes of this appeal. When an order appealed from is not final, this court will not decide the merits of the appeal. *Kines*, *supra*.

The testimony demonstrates that Jacob must have surgery to amputate a portion of his arm, be fitted for a prosthetic hand, obtain training on using the prosthesis, and undergo occupational therapy. The trial court's order provides that joint custody will take place only when Jacob moves to Charleston and secures an independent living space. In its ruling from the bench, the court said, "That may take three months, it may take six months, it may take two or three years. I don't know. And I don't think [Jacob] knows."

In *Barnes v. Newton*, 69 Ark. App. 115, 10 S.W.3d 472 (2000), the parties initially had joint custody of their son, but the mother, who had been diagnosed with Hodgkin's disease, later petitioned for and was granted primary custody. The chancellor entered an order stating that custody of the child would remain joint but that "contingent upon [the mother's] health, primary physical custody will switch to [the mother] on August 1, 1999." A threshold issue in the case was finality given the contingency. We concluded that an order is always contingent, in a sense, upon the continued health of the party and treated the conditional language in the decree as surplusage because it added nothing to the terms of the decree. In holding that the order was final and appealable, this court said, in part, "[T]he

3

fact that the change in physical custody is to take place at some time in the future does not render the order unappealable. It is clear enough that no further hearing or decree was contemplated." *Id.* at 116–17, 10 S.W.3d at 474. Here, however, the conditional language cannot be described as mere surplusage, there is no time frame in mind, and further proceedings are indeed contemplated.

In its comments from the bench, the court told Jacob's counsel to notify Laramie's counsel when Jacob moves and has housing, "[a]nd then get me an order that reflects that, that he has a location that he is living that is adequate to house the child." While we do not think that the trial court contemplates another full trial, the trial court indicated that it may hear some evidence regarding the adequacy of Jacob's housing and will enter an order.

In *Beard v. Beard*, 2019 Ark. App. 537, 590 S.W.3d 174, we held that a divorce decree awarding joint custody was not a final order for purposes of appeal because it made the custody award conditional on proof that had yet to be introduced—the father's proof of completion of an anger-management course and attendance at Alcoholics Anonymous meetings. Moreover, the trial court had set a review hearing to assess whether the parties had complied with the requirements. Here, there is proof yet to be introduced; namely, Jacob has to satisfy the trial court that he has adequate housing for A.A. in Charleston.

Laramie's arguments on appeal go only to the future joint-custody award in the divorce decree; however, she is not yet aggrieved by this aspect of the order. Currently, Laramie has primary custody of A.A., and it is not certain when—or even if—Jacob will satisfactorily comply with the conditions set by the trial court to enable him to receive joint

custody. Accordingly, inasmuch as the joint-custody award depends on contingencies that may or may not occur, we dismiss for lack of a final, appealable order. *See Wadley*, *supra*.

Dismissed.

MURPHY and BROWN, JJ., agree.

*Gean, Gean & Gean*, by: *Michael Pierce*, for appellant.

*Danielson Law Firm, PLLC*, by: *Elizabeth Danielson*, for appellee.