Cite as 2026 Ark. App. 86

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CV-24-812

| | | |
|---|---|---|
| KARA BLACKWELL | | Opinion Delivered February 11, 2026 |
| | APPELLANT | |
| | | APPEAL FROM THE STONE COUNTY CIRCUIT COURT [NO. 69DR-22-2] |
| V. | | |
| JAMES BLACKWELL | | HONORABLE DON MCSPADDEN, JUDGE |
| | APPELLEE | |
| | | REVERSED AND REMANDED IN PART WITH INSTRUCTIONS; MODIFIED IN PART |

**ROBERT J. GLADWIN, Judge**

This one-brief appeal arises from an order of the Stone County Circuit Court modifying provisions of the parties' divorce decree. Kara Blackwell raises the following points on appeal: (1) the circuit court lacked authority to modify child custody sua sponte, and even if the issue were properly before the court, the "conditional" or springing change-of-custody provisions are either void or nonfinal, but either way, they are currently unenforceable; (2) the circuit court abused its discretion in modifying custody to limit medical care of the children to doctors within a forty-mile radius; (3) the circuit court's "conditional" visitation orders are equally void or nonfinal; and (4) the circuit court's contempt sentence should be set aside because it was indefinitely suspended and is therefore "completely remissed." We reverse and remand in part with instructions, and modify in part.

## I. *Facts and Procedural History*

The parties were divorced by decree entered on December 16, 2022. The decree awarded Kara primary physical custody of the parties' two minor children, with James Blackwell receiving visitation. The decree was final as to custody, but the circuit court retained jurisdiction for enforcement.

In 2023, both parties filed various petitions and motions relating to contempt, visitation, and support. On October 26, 2023, Kara filed a petition to modify visitation that alleged a material change of circumstances since the entry of the decree—specifically, that James had either moved out of state or was staying out of state for long periods leaving his mother to care for the children during his visitation periods—but did not seek a change in custody. In addition to other pleadings, James filed a petition to modify custody on July 10, 2024, just eight days before the scheduled hearing on pending motions. Kara objected to his petition on the basis of timeliness, and the circuit court struck James's change-of-custody motion at the beginning of the hearing held on July 18.

Despite striking James's motion, the circuit court entered an order on August 12 modifying custody. The court ordered that the parties share legal custody and cooperate with each other in decisions concerning the children's regular medical, dental, or educational concerns. The court left physical custody with Kara "for now," but ordered that custody would convert to joint physical custody on a week-on, week-off basis if James returned to reside within thirty-five miles of the children's school. The court also imposed multiple contingent visitation schemes dependent on James's potential future relocation.

2

Additionally, as related to visitation issues relevant to this appeal, the circuit court restricted the children's medical and dental providers to those located within forty miles of the children's residence and prohibited the scheduling of any of the children's appointments or any other activity to occur during the visitation of the other party unless the other party specifically agreed in writing with such agreement, and the agreement must be filed with the circuit clerk before the appointment or activity. The court found that (1) visitation trumps all other activities of the children; (2) extra-curricular activities are not to be scheduled during the time that there is visitation scheduled with the other parent; (3) the children shall not be enrolled in any activity that would interfere with the visit of either parent; and (4) unless both parties agree to an activity, the party not agreeing will bear no expense for that activity and that party's visitation will not be affected.

Finally, the court found Kara in contempt for continued alienation of the children from James and sentenced her to sixty days in jail but suspended the sentence indefinitely upon her compliance with the decree. Kara filed a timely notice of appeal on September 10, and this appeal followed.

## II. *Standard of Review*

This court performs a de novo review of child-custody matters, but we will not reverse a circuit court's findings unless they are clearly erroneous. *Young v. Tash*, 2025 Ark. App. 582, __ S.W.3d __. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has

3

been made. *Id.* We recognize and give special deference to the superior position of a circuit court to evaluate the witnesses, their testimony, and the child's best interest. *Id.*

III. *Discussion*

A. Modification of Custody and Springing Contingencies

Kara first argues that the circuit court erred in modifying custody when no custody motion was properly before it. We agree. Although circuit courts retain continuing jurisdiction over child-custody matters, a modification requires a properly pled request and proof of a material change in circumstances. Here, James's custody motion was expressly struck, and Kara's pending petition sought only a modification of visitation. Under these circumstances, we hold that the custody modification was not properly before the court.

Even if custody had been properly at issue, the circuit court erred by imposing a springing or contingent custody provision. The order provides that physical custody will automatically convert to joint custody if James relocates within a specified distance of the children's school. Our court has squarely rejected such provisions. In *Bell v. Bell*, 2022 Ark. App. 279, 646 S.W.3d 678, we held that "springing" custody provisions—those that purport to modify custody automatically upon a future contingency—are contrary to Arkansas law. Custody determinations must be based on the circumstances existing at the time of the hearing and must reflect the children's best interest as then determined, not upon speculation as to future events. *Id.* at 17, 646 S.W.3d at 690.

Because the circuit court's custody ruling depends on future, unproven contingencies, it is unenforceable and must be reversed. We therefore reverse and remand with instructions

to reinstate the custody provisions of the decree unless and until a properly filed and litigated motion to modify custody is presented.

## B. Medical-Provider Distance Restriction

Kara next challenges the provision requiring that the children's doctors and dentists be located within forty miles of their residence and prohibiting appointments during James's visitation. We do not hold that a geographic limitation on medical providers is erroneous per se because circuit courts have discretion to enter orders designed to reduce parental conflict and promote cooperation, even absent a material change in circumstances. *See Judkins v. Judkins*, 2025 Ark. App. 524.

However, we do note that the record reflects that one of the children receives regular specialized care at Arkansas Children's Hospital, which lies outside the imposed forty-mile radius. The blanket restriction, while not inherently unlawful, creates a significant logistical problem under these facts and may interfere with necessary and ongoing medical treatment. Accordingly, while we do not reverse solely on the basis of the forty-mile limitation, we remand for the circuit court to reconsider and, if necessary, tailor the medical-care provisions to accommodate established specialty care to the children's best interest.

## C. Conditional Visitation Findings

Kara next argues that without definiteness, the contingent changes in visitation contained within the order should be found void and that visitation should revert to that provided for in the decree. In addition to the "contingent" change of custody in this case, visitation was also set "contingent" on James's various living situations. More specifically,

visitation was established "if [James] moves back to this area within 35 miles of the Rural Special school" and was contingent on various possible eventualities, including different arrangements "if [James] is able to return to the Stone County area"; and "[a]s long as [James] resides more than three (3) hours away from the Rural Special School."

Citing *Ashley v. Ashley*, 2021 Ark. App. 192, Kara submits that similar to the change of custody, these contingent changes in visitation also fail to constitute a final order and, as such, are unenforceable in its current form and insufficient to supersede the decree and original visitation order in this proceeding. *See also Beard v. Beard*, 2019 Ark. App. 537, 590 S.W.3d 174 (stating that a divorce decree awarding joint custody is not a final order where it makes that custody award conditional on proof that has yet to be introduced). Additionally, she maintains that even if not final, the order is not enforceable because it is too ambiguous in its terms regarding the contingent visitation changes. In support of her argument, Kara cites both *Ivy v. Keith*, 351 Ark. 269, 92 S.W.3d 671 (2002), and *Furr v. Furr*, 2018 Ark. App. 132, 540 S.W.3d 338 (both stating that before a person can be held in contempt for violating a court order, the order must be definite in its terms, clear as to what duties it imposes, and express in its commands).

We have recently reiterated that the circuit court may enter an order to reduce areas of conflict in a manner determined appropriate by the court. Ark. Code Ann. § 9-13-101(a)(1)(A)(iv)(c) (Supp. 2023); *see Judkins*, *supra*. We have held that where the parties maintain joint custody and the moving party is not seeking an actual change of custody, the material-change-in-circumstances analysis is not triggered, and the court may adjust or

6

reallocate parenting time to enforce the original arrangement. *Sellew v. Davis*, 2024 Ark. App. 390, 691 S.W.3d 285; *see also Nalley v. Adams*, 2021 Ark. 191, 632 S.W.3d 297. Both *Nalley* and *Sellew* dealt with true joint-custody situations; however, things are not as clear here. Recently, in *Stewart v. Stewart*, 2025 Ark. App. 97, this court distinguished *Sellew* in analyzing the reallocation of parenting time where there is a mixture of shared legal and primary physical custody. We held that any modification of an original determination requires changed circumstances—whether it is a modification of custody or of visitation and whether it is a modification toward or away from a joint-custody award. *See Baggett v. Benight*, 2022 Ark. App. 153, 643 S.W.3d 836. As such, we also reverse and remand for the reinstatement of the visitation provisions set forth in the decree absent a proper analysis regarding definiteness and reflection of a material change of circumstances sufficient to modify visitation.

### D. Contempt Finding

Finally, Kara challenges the circuit court's contempt finding and sentence. The circuit court sentenced Kara to sixty days in jail but suspended the sentence indefinitely upon her compliance with the decree. This court has held that an indefinite suspension of a contempt sentence constitutes a complete remission of the contempt. *Cline v. Simpson*, 2024 Ark. App. 611, 703 S.W.3d 497. When a sentence is indefinitely suspended, there is no remaining

punishment to enforce, rendering the issue moot. *Id.* Pursuant to *Cline*, we modify the order to set aside the contempt sentence.

## IV. *Conclusion*

We reverse and remand the circuit court's order insofar as it modifies custody and imposes springing, contingent custody provisions, which are inconsistent with Arkansas law. We remand for reconsideration of the medical-provider restrictions in light of the children's established medical needs as well as any changes to James's visitation. We modify the order to set aside the contempt sentence as a complete remission.

Reversed and remanded in part with instructions; modified in part.

ABRAMSON and BARRETT, JJ., agree.

*Law Offices of Nicki Nicolo*, by: *Nicki Nicolo*; and *Ceja Law Firm*, by: *Sergio Ceja*, for appellant.

One brief only.